THE EAST RIVER SAVINGS INSTITUTION, Respondent, *v.* CHARLES L.
Bucki, Appellant, Impleaded with JOHN L. BROWN and Others.

*Special Term has no power to direct the insertion of provisions in a judgment to be
rendered.*

A Special Term cannot, in advance of a decision and the entry of judgment in an
action, by an order granted on a special motion, require the court to which the
action is to be submitted for judgment, to enter particular provisions in that
judgment.

APPEAL by the defendant, Charles L. Bucki, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 12th
day of February, 1894, which, among other things, provided for
additional advertisement for the sale of the premises described in the
complaint herein, and for the insertion of a provision to that effect
in the final judgment of foreclosure and sale to be entered in this
action, and requiring the appellant to place some person in charge of
said premises.

*Wallach & Beach,* for the appellant C. L. Bucki.

*J. W. C. Leveridge,* for the plaintiff, respondent.

*Michael H. Cardozo,* for the defendant, respondent, Hattie E.
Bucki.

PER CURIAM:

The parties to this appeal are husband and wife, who are living
apart, and between whom there is an action pending for a limited
divorce brought by the wife against the husband. Charles L.
Bucki, the husband, is the owner of the fee of No. 116 West Sev-
enty-ninth street, subject to a mortgage given by a prior owner
which is being foreclosed in this action, and the appellant and
respondent are parties defendant. During the pendency of the
action, before judgment was entered, and so far as it appears before
the defendants had made default, the wife moved at Special Term
for an order directing " that a clause be inserted in the judgment to
be entered in this action, providing that the premises described

therein should be advertised in such manner as to the referee might seem proper, in addition to the advertisement required by law, and that said referee be authorized to place a person in charge of said premises to show the same to persons desiring to purchase the said premises, and for that purpose the defendant, Charles Lloyd Bucki, be directed to deliver to said referee the keys of said premises in order to place such person in proper charge thereof, and the expense of such extra advertising and employment of person to be placed in charge of said premises be paid by said referee out of the proceeds of the sale, such expenses not to exceed a sum to be fixed by the court."

Upon this motion an order containing the following provisions was granted: "It is ordered that there be inserted in the final judgment of foreclosure and sale to be entered in this action, in appropriate places, the following paragraphs: 'And the referee above named is hereby directed to advertise the sale of the premises herein described (in addition to the manner provided by law) in such newspapers and at such times and by means of posters, and in any other manner as in his discretion may seem proper, in order to prevent the premises from being sacrificed on the sale herein provided for, and that the cost of such advertising and posters be paid by said referee out of the proceeds of said sale as one of his expenses thereof, providing there are sufficient moneys arising from such sale, after paying the plaintiff's claim, interest, costs and allowances, and expenses not to exceed one hundred dollars.

"'And it is further ordered, adjudged and decreed, that the defendant, Charles Lloyd Bucki, open the house on the premises herein described, and place some proper and suitable person or persons in charge thereof, with orders from him to show all or any part of the interior thereof to all persons applying for leave to inspect the same, and allow such inspection to be made on all secular days intervening between the day of the date of this judgment and the day of the actual sale of said premises, such inspection to be made on said days at any of the hours between nine A. M. and six P. M., and the persons or person so placed in charge of said premises are hereby

"'Ordered and directed to carry out and obey the directions regarding the inspection of said premises as above fully set forth.'"

We are not aware of any rule of practice authorizing a Special Term, in advance of a decision and the entry of a judgment in a pending action, to order and decree what provisions the judgment, when rendered, shall contain. If the defendants desire to be heard as to the provisions and form of the judgment, they should appear in the action, and, when application is made for final judgment, then present their views in respect to the provisions which it should contain. It is sufficient for the disposition of this appeal that a Special Term cannot, before the case is ripe for judgment, by an order granted on a special motion, bind the court before which the action is to be submitted for judgment by requiring that court to enter particular provisions in the judgment.

The order should be reversed and the motion denied, but as this litigation is between husband and wife, without costs to either party.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order reversed and motion denied, without costs.